

U.S. Department of Justice

**FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ MAY 1 0 2005 ★
BROOKLYN OFFICE**

United States Attorney
Eastern District of New York

CD:LK
F. #2002R02056

1 Pierrepont Plaza
Brooklyn, New York 11201

Mailing Address: 147 Pierrepont Street
Brooklyn, New York 11201

May 4, 2005

**BY HAND**

The Honorable Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: United States v. Christopher Perdue
    Criminal Docket No. 04-137 (JBW)

Dear Judge Weinstein:

  On April 21, 2005, the defendant in the above-captioned case made a motion asking the Court to bar the Probation Department from charging him for the costs of his home confinement. The government writes in response to the motion. A hearing concerning that motion and the defendant's violation of his supervised release is scheduled for May 5, 2005.

  On June 15, 2004, the defendant pled guilty to one count of tax fraud in violation of 26 U.S.C. § 7206(2), pursuant to a plea agreement with the government. At sentencing, the Court found that the defendant's offense level under the sentencing guidelines was 10, resulting in a recommended range of imprisonment of 6-12 months. As reflected in the judgment dated February 17, 2005, the Court sentenced the defendant to five years of supervised release, with the first 6 months to be served under home confinement. The judgment does not provide who is responsible for paying the costs of the defendant's home confinement.

  After the defendant was sentenced, the Probation Department began charging the defendant $1.88 per day to cover the costs of his home confinement. This charge was made in accordance with Probation Department policy that "[a]ll participants [in the Home Confinement program] are required to pay the cost of Home Confinement with the exception of those individuals that are indigent or the Court stipulates otherwise."

*[Handwritten annotation:]* Motion granted on government's consent to not charge defendant for home confinement. Government to turn to first day. So ordered. s/JBW 5/5/5

See Home Confinement Manual at 10-11, attached hereto as Exhibit A. Deputy Chief United States Probation Officer Eileen Kelly has informed me that judgments typically specify whether the defendant will be responsible for all or part of the costs of his home confinement.

The judgment in this case is silent as to whether the Court intended the defendant to pay the costs of his home confinement. As a result, the government consents to the defendant's motion.

Respectfully submitted,

ROSLYNN R. MAUSKOPF
United States Attorney

By: *[signature]*
Elizabeth J. Kramer
Assistant U.S. Attorney
(718) 254-6372

cc: Clerk of the Court (JBW)
    Douglas Morris, Esq. (by facsimile)
    U.S.P.O. Kenneth Wong (by facsimile)

*HOME CONFINEMENT MANUAL    EASTERN DISTRICT OF NEW YORK*

must have all equipment (firearm, phone, car, capstun) normally used for field work. See Violation Section for further action taken by officer upon receiving an alert from the contractor.

### HOME CONFINEMENT SUMMARIES

The monitoring contractor provides a daily and weekly summary of Home Confinement activities for each case. These summaries are e-mailed to the individual officer daily. The summary includes the agency name, offender's name/social security number, effective date of the schedule/actual schedule, the list of messages received from the Receiver/Dialer and the time each message was received.

In Eastern District of New York, it is the monitoring center's responsibility to e-mail us immediately if a violation of any nature occurs. Each summary will show for the individual offender the exact time they left the residence and the time they returned. It is the Home Confinement staff's responsibility to review the summaries; note and respond to any alerts and monitor the subject's compliance with the approved schedule.

### TRAVEL

No travel will be permitted while an offender is participating in the Home Confinement Program, except in an emergency (such as the death of an immediate family member); legitimate work related travel or unless specifically ordered by the Court. If any offender travels outside the district requiring an overnight stay for employment exceeding one day, that time will be added to the end of their Home Confinement term.

### COST OF PARTICIPATION

The cost of an offender's participation in the Home Confinement Program is $3.31 per day. This is the maximum amount that an offender may be charged for participation in the program.

When an offender begins participation in the Home Confinement Program, the officer should assess his/her ability to contribute to the cost of the program. They may be assessed any amount up to the maximum of $3.31 per day. If possible, participants in the program should contribute this amount.

Collection of the Home Confinement costs is the responsibility of the assigned officer. During the Home Confinement term, the officer should try to collect the full amount owed to the monitoring

*HOME CONFINEMENT MANUAL   EASTERN DISTRICT OF NEW YORK*

center by either money order or credit card payment. If the offender's financial condition does not allow full payment, a payment schedule should be implemented. All participants are required to pay the cost of Home Confinement with the exception of those individuals that are indigent or the Court stipulates otherwise.

Once the Home Confinement term is completed, if there is an outstanding balance, the newly assigned officer is responsible for collection of the outstanding fees during the balance of the supervision term. The newly assigned officer can access the balance which is detailed in the Inter-Unit Transmit Form or contact the Home Confinement Unit to obtain the correct balance.

## ELECTRONIC MONITORING EQUIPMENT

### SERVICE SPECIFICATIONS

Electronic monitoring services and equipment are provided by B.I. Monitoring, Incorporated under contract to the Administrative Office of the United States Courts. The Eastern District of New York works with B.I. Monitoring, Incorporated under two separate contracts: 1462-101 (Brooklyn Office) and 1462-102 (Central Islip Office). *These contract numbers are never to be revealed to an offender.*

### MONITORING EQUIPMENT

B.I. Monitoring, Incorporated provides the BI Homeguard 200 Monitoring Device (Receiver/Dialer) and BI 9010 Transmitter. The Transmitter and Receiver/Dialer are matched as a pair through their serial numbers at the host computer, when the offender is enrolled. As a result, any BI 9010 Transmitter can be used with any BI Receiver/Dialer as long as the correct serial numbers are entered into the host computer. It is the responsibility of the Electronic Monitoring Specialist to coordinate the acquisition and disbursement of the electronic monitoring equipment (see Electronic Monitoring Specialist).

#### Transmitter Specifications

The BI 9010 Transmitter is an FCC certified radio transmitting device that is attached to the offender so that efforts to tamper with, or remove, the Transmitter are obvious upon visible